# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN ELDRIDGE CONE, )<br>a/k/a Cowboy, )<br>)<br>Defendant. ) | Case No. 05-CR-0022-003-CVE<br>(12-CV-0321-CVE-FHM) |

## OPINION AND ORDER

Before the Court is defendant John Eldridge Cone's motion to vacate judgment obtained through fraud upon the court pursuant to Fed. R. Civ. P. 60(d)(3). Dkt. # 188. Defendant argues that Officer Anthony First committed a fraud upon this Court by omitting facts and including false statements in an affidavit for a search warrant for defendant's home. Id.

In a case involving multiple defendants, defendant was charged with conspiracy to sell and possess stolen firearms in violation of 18 U.S.C. § 371 (count one); being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (counts three and four); possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (count eight); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (count nine); and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count ten). Dkt. # 4. Defendant filed motions to suppress and quash (Dkt. ## 34, 47), in which he argued that the affidavit in support of the search warrant of his residence contained false and misleading information.

A hearing on the motions was held, and this Court entered an opinion and order (Dkt. # 64), denying defendant's motions to suppress and quash. Thereafter, defendant petitioned the Court to enter a plea of guilty, and a change of plea hearing was held. Dkt. # 118; Dkt. # 118-1, at 1-2. Defendant pleaded guilty to counts nine and ten of the indictment. Dkt. # 144. The Court sentenced defendant to 137 months total (Dkt. # 143), and defendant did not appeal his conviction and sentence.

Defendant, appearing pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. # 151. Before the government responded, defendant filed a motion to amend his § 2255 motion to a motion to withdraw and nullify guilty plea pursuant to Fed. R. Civ. P. 60(d)(3). Dkt. # 161. Defendant sought "relief based on a fraud upon the Court claim." Id. at 1-2. This Court entered an opinion and order denying defendant's § 2255 motion and his motion to amend. Dkt. # 182. Further, this Court dismissed plaintiff's motion, insofar as defendant intended to make a separate motion for relief under Fed. R. Civ. P. 60(d)(3). Id. Defendant did not appeal this Court's denial of his § 2255 motion or the dismissal of his motion pursuant to Fed. R. Civ. P. 60(d)(3).

In his instant motion pursuant to Fed. R. Civ. P. 60(d)(3), defendant attempts to circumvent the limitations applicable to second or successive § 2255 motions by simply claiming that his request is not a § 2255 motion. To allow a defendant to avoid the bar against successive § 2255 motions by "simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). Under Tenth Circuit precedent, a motion to reconsider the denial of a § 2255 motion must be treated as a request to file a second or successive motion under § 2255 if the motion

"in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction [or sentence]." United States v. Pedraza, 466 F.3d 932, 933-34 (10th Cir. 2006). However, a court may consider a "true" motion for relief from judgment under Fed. R. Civ. P. 60 without construing the motion as a second or successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524 (2005). To avoid classification as a second or successive § 2255 motion, the Rule 60 motion must challenge "some defect in the integrity of the federal habeas process" rather than the "substance of the federal court's resolution of a claim on the merits." Id. at 532.

Defendant's sole argument is that Officer First submitted a false affidavit for a search warrant of defendant's home. Defendant's argument clearly goes to the Court's ruling on the merits of his § 2255 motion, and he has not identified any procedural error that may have affected the outcome of his § 2255 proceedings. Thus, the Court finds that defendant has not raised any argument as to the procedural integrity of his § 2255 proceedings, and his motion should be treated as a second or successive § 2255 motion.

A second or successive motion under § 2255 will only be permitted in two situations:

(1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because defendant must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); Torres, 282 F.3d at 1246.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court

may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the Tenth Circuit stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)).

Defendant previously raised in his motions to suppress and quash the argument that Officer First submitted false information in support of his affidavit for a search warrant. After a hearing on defendant's motions to suppress and quash, this Court found that Officer First's testimony was credible; that defendant failed "to show that Officer First knowingly and intentionally, or with reckless disregard for the truth, included any false statement in his affidavit in support of the August 23, 2004 search warrant;" and that there was "no evidence that Officer First, or any other officers involved, acted other than in good faith in preparation of the affidavit and execution of the warrant." Dkt. # 64, at 3-4. In his § 2255 motion and his motion to amend his § 2255 motion, defendant again argued that Officer First included false statements or omitted material information from the affidavit for a search warrant for defendant's home. Dkt. ## 151, 161. This Court again found that, after reviewing the entire record, the record did not support defendant's contentions that Officer First lied

4

or intentionally omitted information from the search warrant affidavit. Dkt. # 182, at 11. Defendant does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of defendant's motion to the Tenth Circuit.[1]

**IT IS THEREFORE ORDERED** that defendant's motion to vacate judgment obtained through fraud upon the court pursuant to Fed. R. Civ. P. 60(d)(3) (Dkt. # 188) is **dismissed for lack of jurisdiction**. A separate judgment is entered herewith.

**DATED** this 12th day of December, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Court were to treat defendant's motion as a true Rule 60 motion, the Court has found that defendant has not asserted any argument challenging the procedural integrity of his § 2255 proceedings, and defendant's motion would be denied.